**IN THE UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WISCONSIN

---

**KEVIN & KAREN SCHEUNEMANN**
**210 DREAM CATCHER DR.**
KEWASKUM, WI 53040

**Plaintiff,**       *Court File No.: 3:09-cv-00601-slc*

**vs.**

**PALISADES COLLECTION, LLC**
**C T CORPORATION SYSTEM**
**8040 EXCELSIOR DRIVE, SUITE 200**
**MADISON, WI 53717**

**Defendant.**

---

# FIRST AMENDED COMPLAINT

---

# I. INTRODUCTION

Now come the Plaintiffs, Kevin & Karen Scheunemann for a cause of action against the above named Defendants, alleges and shows to the court as follows:

1. This is an action for damages brought by individual consumers under Wisconsin Consumer Act, Wis. Stat. § 427, which prohibits debt collectors from engaging in abusive, oppressive, deceptive, and unfair practices. Palisades is required under Wisconsin law to be licensed under DFI-BKG 74.   DFI-BKG 74.16 also defines prohibited oppressive and deceptive practices by licensed debt collectors.   Palisades committed over 50, separate, and illegal debt collection practices under the Fair Debt Collections Practice Act (FDCPA), the Wisconsin Consumer Act (WCA), the Wisconsin Deceptive Trade Practices Act (WDTPA) for the practices declared deceptive under FDCPA and WCA, and the Telephone Consumer Protection Act (TCPA), over the past 12 months against Plaintiffs.

# II. JURISDICTION AND VENUE

2. Jurisdiction was established by previously filed Notice of Removal by Defendants from Wisconsin Circuit Court, Federal Diversity of Jurisdiction concerning state law claims for relief, 15 U.S.C.§1692k(d), and  47 USC 227.

## III. PARTIES

3. Plaintiffs, Kevin & Karen Scheunemann, are natural person residing in Kewaskum, Wisconsin and conduct business in Dodge County, WI.

4. Defendant, Palisades Collection, LLC (hereinafter "Palisades") is a Foreign LLC, based in New Jersey. Palisades is engaged in the business of collecting debts in this state, under a myriad of different names, with its principle place of business located at 210 SYLVAN AVE, ENGLEWOOD CLIFFS, NJ 07632. The principal purpose of Defendant is the collection of debts using the mail, telephone and court system. Defendant regularly attempts to collect debts alleged to be due another. Defendant regularly uses the Wisconsin Court system to collect debts requiring licensing under Wis. Stat. § 218.04 (2).

5. Plaintiffs are "consumers", and "debtors" as defined by the Wisconsin Consumer Act.

6. Defendants are "debt collectors", and engage in "debt collection", as defined by the Wisconsin Consumer Act Wis. Stat. § 427.103.

## IV. FACTUAL ALLEGATIONS

7.     On November 25, 2008, Palisades made initial written contact with Karen Scheunemann over an alleged debt with an assigned ID number of 19318421. *This initial communication did not make the required DFI-BKG 74.13 disclosures.*

8.     On 11/30/08, Kevin and Karen Scheunemann wrote Palisades (Exhibit A) demanding claim be documented and demanded no phone calls be made to the Scheunemanns at either home or work.

9.     On 12/10/08, Palisades made another written contact on 19318421 without the required DFI-BKG 74.13 disclosure.  Palisades also did not provide the requested documentation under Wisconsin Consumer Law.

10.    On 1/26/09, *Palisades made another written contact on 19318421* without the required DFI-BKG 74.13 disclosure.  However, Palisades did make a TN, CO, and MN disclosure.

11.    On 2/25/09, Palisades made another written contact on 19318421 without the required DFI-BKG 74.13 disclosure.

12.    On 3/20/09, *Palisades made another written contact on 19318421* without the required DFI-BKG 74.13 disclosure.

13.   On 6/08/09, Palisades made another written contact on 19318421 without the required DFI-BKG 74.13 disclosure.

14.   On November 25, 2008, Palisades made initial written contact with Karen Scheunemann over an alleged debt with an assigned ID number of 19318420.   This initial communication did not make the required  DFI-BKG 74.13 disclosures.

15.   On 11/30/08, Kevin and Karen Scheunemann wrote Palisades (similar to Exhibit A, except for debtor ID #) demanding claim be documented and demanded no phone calls be made to the Scheunemanns at either home or work.

16.   On 12/10/08, Palisades made another written contact on 19318420 without the required DFI-BKG 74.13 disclosure.   Palisades also did not provide the requested documentation under Wisconsin Consumer Law.

17.   On 2/16/09, Palisades made another written contact on 19318420 without the required DFI-BKG 74.13 disclosure.

18.   On 5/29/09, Palisades made another written contact on 19318420 without the required DFI-BKG 74.13 disclosure.

19.   On 6/04/09, Palisades made another written contact on 19318420 without the required DFI-BKG 74.13 disclosure.

20.   On 8/17/09, Palisades made another written contact on 19318420 without the required DFI-BKG 74.13 disclosure.

21.   On or about October 31, 2008, Palisades made initial written contact with Kevin Scheunemann over an alleged debt with an assigned ID number of 19316277.   This initial communication did not make the required DFI-BKG 74.13 disclosures.

22.   On 11/02/08, Kevin and Karen Scheunemann wrote Palisades (similar to Exhibit A, except for debtor ID #) demanding claim be documented and demanded no phone calls be made to the Scheunemanns at either home or work.

23.   On 05/05/09, Palisades made another written contact on 19316277 without the required DFI-BKG 74.13 disclosure.

24.   On July 28, 2009, Palisades made initial written contact with Karen Scheunemann over an alleged debt with an assigned ID number of

19455119.  This initial communication did not make the required DFI-BKG 74.13 disclosures.

25.   On 7/31/09, Kevin and Karen Scheunemann wrote Palisades (similar to Exhibit A, except for debtor ID #) demanding claim be documented and demanded no phone calls be made to the Scheunemanns at either home or work.

26.   On 5/28/09, Palisades began to make illegal, deceptive, and oppressive phone calls to Kevin & Karen Scheunemann at 262-339-5425, despite the two 11/30/08 written requests and one 11/2/08 written request by Kevin & Karen Scheunemann prohibiting Palisades not to call Plaintiffs at home or work.

27.   The illegal, deceptive, and oppressive, phone calls from Palisades continued for at least 70 days.    The illegal calls are documented, detailed, and charted in Exhibit "B".   **All the calls listed in Exhibit B violated the Telephone Consumer Protection Act by using a pre-recorded message and not maintaining the required 10-year "do not call list" made clear by Scheunemanns "do not call" demand in Exhibit A.   None of the calls made in Exhibit B were made with the express permission of the Scheunemanns required under the TCPA.**

28.   Kevin and Karen Scheunemann have retained a recording of one of the illegal calls made by Palisades to Kevin & Karen Scheunemann.

29.   Kevin & Karen Scheunemann suffered social, financial, and emotional embarrassment at the hands of Palisades.   Kevin Scheunemann suffered approx. $2000 in stress related medical bills.

30.   Palisades illegal phone calls increased Scheunemann's phone bill.

31.   Palisades inserted derogatory information into Karen Scheunemann's credit bureau reports without properly reporting the items as "disputed".

32.   Palisades, on Karen Scheunemann's July 2009 Trans Union credit report marked one of their entries "dispute resolved", even though Palisades never properly documented the claim for Karen Scheunemann under the Fair Debt Collections Practices Act (FDCPA) and the Wisconsin Consumer Act in Exhibit A.

33.   Palisades made derogatory and erroneous credit bureau entries and caused substantial actual damages to both Karen & Kevin Scheunemamn.

## V. COUNT ONE-VIOLATION OF WISCONSIN CONSUMER ACT

34.   Plaintiff repeats and realleges and incorporates by reference paragraphs one through thirty-three above.

35.   Defendants violated the Wisconsin Consumer Act. Defendants' violations of the Wisconsin Consumer Act include, but are not limited to, the following:

a.) Defendants violated Wis. Stat. § 427.104 (1).
b.) Defendants also violated DFI-BKG 74.13.
c.) Defendants also violated DFI-BKG 74.16. **Oppressive and deceptive practices prohibited.** A licensee shall not engage in any oppressive or deceptive practices. In attempting to collect an alleged account, bill or other indebtedness, a licensee shall not do any of the following:

**(3)** Disclose or threaten to disclose information adversely affecting the debtor's reputation for credit worthiness with knowledge or reason to know that the information is false.

**(5)** Contact a debtor by telephone following a request or demand by the debtor that such collection efforts cease.

**(8)** Communicate with the debtor or a person related to the debtor with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the debtor.

**(9)** Engage in other conduct which can reasonably be expected to threaten or harass the debtor or a person related to the debtor including conduct which violates the Federal Fair Debt Collection Practices Act.

**(16)** Make collect telephone calls to debtors.

36. On multiple occasions Palisades attempted to harass, threaten, and enforce rights against Kevin & Karen Scheunemann that did not, or should have known not to exist under Wis. Stat. § 427.104 (1) (c), (d), (f), (g), (h), (j), (l), (k).

## VI. COUNT TWO-VIOLATION OF WISCONSIN CONSUMER ACT BY VIOLATING FDCPA

37.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

38. Defendants violated the Fair Debt Collections Practices Act (FDCPA) as a Wisconsin Consumer Act violation under DFI-BKG 74.16 (9). Defendants' violations include, but are not limited to, the following:

a.) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiffs after the Plaintiff had requested the Defendants cease communication with the Plaintiff.

b.) The Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

c.) Engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff and other parties in connection with collection of a debt, in violation of 15 U.S.C. § 1692d.

d.) Using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

e.) Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

39. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiffs, Kevin & Karen Scheunemann for declaratory judgment that defendants' conduct violated the FDCPA, Federal statue actual damages, Federal statutory damages, and costs and attorney fees.

40. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

41. As a result of the above violations of the Wisconsin Consumer Act, the Defendants are liable to the Plaintiff for state law injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.   Wis. Stat. § *427.105 Remedies. (1) A person injured by violation of this chapter may recover actual damages and the penalty provided in s. 425.304; but notwithstanding any other law actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.* Sub. (1) does not restrict recovery to persons who are customers under s. 421.301 (17). Zehetner v. Chrysler Financial Company, LLC, 2004 WI App 80, 272 Wis. 2d 628, 679 N.W.2d 919, 03–1473.   Wis. Stat. § *427.104* Sub. (1) (f) requires a bank that discloses a disputed debt to a credit bureau to disclose the disputed status of the debt each time that the debt is reported and not just the first time. Turner v. Gene Dencker Buick–Pontiac, Inc. 2001 WI App 28, 240 Wis. 2d 385, 623 N.W.2d 151, 99–3174.

## VII. COUNT THREE-INVASION OF PRIVACY

42. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

43. The Defendants undertook a series of communications to the home and workplace of the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Wisconsin. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy; after repeated requests that the Defendants no longer contact them. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiffs into paying a debt.

44. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort, contrary to the law of the State of Wisconsin and violated the Plaintiffs' privacy.

45. Plaintiffs were harassed, hounded, and threatened. Plaintiffs repeatedly and continuously begged and pleaded with Defendants to stop calling, that the calls were creating great emotional distress, physical sickness, and mental pain and anguish. Defendants refused to cease and desist the calling, hounding, threatening, and harassment. Defendants have continuously and repeatedly called Plaintiffs at home and work after being told not to call and that the calls were making them physically sick and creating great emotional distress and mental pain and anguish.   Plaintiff Kevin Scheunemann incurred nearly $2000 in medical bills as a result.

46. As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiffs to suffer great worry, loss of sleep, anxiety, embarrassment, nervousness, physical sickness, and physical and mental injury, pain, anguish, fear and fright.

## VIII. COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

48. The Defendants' continual refusal to cease communicating with the Plaintiffs was an intentional infliction of emotional distress, willfully and intentionally undertaken, knowing that the same was designed to abuse and coerce, confuse and create great mental and physical pain and damage, so that the Plaintiffs would pay a debt. As a proximate cause

thereof, the Plaintiffs were caused great mental anguish, physical sickness, embarrassment, loss of sleep, and fear and intimidation.

49. The Defendant, Palisades, are all corporations and/or individuals, and have committed the acts set out in the above paragraph by directing communications to the Plaintiffs in the State of Wisconsin.

50. As a proximate consequence of said intentional infliction of emotional distress, the Defendants have caused the Plaintiffs great worry, humiliation, embarrassment, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish and fright.

# IX. COUNT FIVE: NEGLIGENT TRAINING AND SUPERVISION

51. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

52. Defendant, Palisades, knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

53. Defendant knew or should have known that said conduct was improper.

54. Defendant negligently and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

55. As a result of Defendants' negligence and wantonness, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

# X. COUNT SIX-VIOLATION OF FDCPA

56. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

57. Defendants violated the Fair Debt Collections Practices Act (FDCPA) as a Wisconsin Consumer Act violation under DFI-BKG 74.16 (9). Defendants' violations include, but are not limited to, the following:

    f.) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiffs after the Plaintiff had requested the Defendants cease communication with the Plaintiff.

    g.) The Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in

writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

h.) Engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff and other parties in connection with collection of a debt, in violation of 15 U.S.C. § 1692d.

i.) Using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

j.) Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

58. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiffs, Kevin & Karen Scheunemann for declaratory judgment that defendants' conduct violated the FDCPA, Federal statue actual damages, Federal statutory damages, and costs and attorney fees.

59.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

## XI. COUNT SEVEN-VIOLATION TELEPHONE CONSUMER PROTECTION ACT (TCPA)

60. 47 USC 227 "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

61. Provisions of TCPA, which Defendants violated, include:

a.) The solicitor must maintain a "Do Not Call" (DNC) list, which must be honored for 10 years.

b.) Solicitors must provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

c.) Solicitation calls cannot be made to residences with artificial voices or recordings.

d. Calls cannot be made with artificial voices or recordings to cell phones or to any service in which the recipient is charged for the call.

e.) Prerecorded or autodialed calls cannot engage two or more lines of a multi-line business or to any emergency number.

f.) In the event of a violation of the TCPA, individuals are entitled to collect damages directly from a solicitor for **$500 for each violation**, or recover actual monetary loss, whichever is higher.

# XII. COUNT EIGHT-VIOLATION OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT.

62. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.   Defendants violated Wis. Stat. § 100.18.

    a.  The defendant made a representation to the public with the intent to induce an obligation.

    b.  The representation was untrue, deceptive or misleading.

    c.  The representation caused the plaintiff a pecuniary loss.

63.  As a result of the deceptive statements, Plaintiff was forced to make a choice that resulted in a pecuniary loss resulting directly from Palisades deceptive representations.    The loss includes loss of opportunity to secure a lien from a defaulted promissory note and interest in excess of $140,000.    Future profits from the business enterprise Plaintiff was unable to acquire were also lost resulting from Palisades's deceptive actions.

64. Plaintiff would have acted in an entirely different manner in this situation, had Plaintiff not interacted with Palisades deceptive statements.

# XIII.  PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.  Declaratory judgment that Defendants' conduct violated the Wisconsin Consumer Act.

    B.  Wisconsin Consumer Act actual damages under Wis. Stat. § 427.105 (1) of no less than $140,000.

    C.  Damages under Wis. Stat. § 427.105 (1) for emotional distress and mental anguish.

D. Statutory damages pursuant to Wis. Stat. § 427.105 (1) & Wis. Stat. § 425.304.

E. Costs and reasonable attorney fees pursuant to Wis. Stat. § 425.308.

F. Punitive Damages under Wis. Stat. § 895.043.

G. Relief under the TCPA for $500 per illegal phone call or actual damages, whichever is greater.

H. Pecuniary losses under Wis. Stat. § 100.18 of no less than $440,000.

I. Declaration of personal Liability for any damage award in favor of Plaintiffs, against owners of Defendant under Wis. Stat. § 425.310.

J. For such other and further relief as may be just and proper.

Respectfully submitted,
Kevin & Karen Scheunemann
210 Dream Catcher
Kewaskum, WI  53040

# **TRIAL BY JURY DEMANDED**

Dated this 10th day of Nov , 2009

Kevin Scheunemann, Pro Se
210 Dream Catcher Dr.
Kewaskum, WI 53040
262-339-5425

Karen Scheunemann, Pro Se
210 Dream Catcher
Kewaskum, WI  53040
262-339-5425

## Certificate of Service

I HEREBY CERTIFY that on this ____ day of November, 2009, I mailed, via United States Postal Service, first class, a true and correct copy of the foregoing First Amended Complaint of Kevin and Karen Scheunemann in the Matter of Kevin and Karen Scheunemann vs. Palisades Collection LLC. (Court File No.: 3:09-cv-00601-slc), to Defendant, Palisades Collection LLC's attorney, James Bedell, at 4800 Wells Fargo Center, 90 South Seventh St. Minneapolis, MN 55402

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040
262-339-5425
kewaskum@charter.net